IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILLIAM JAMES TUCK, III, )
)
    Plaintiff, )
)
v. )   Civil Action No. 3:14CV814–HEH
)
LIEUTENANT PROTRAY TEMPLE, )
)
    Defendant. )

## MEMORANDUM OPINION
(Dismissing 42 U.S.C. § 1983 Action)

Plaintiff William James Tuck, III ("Tuck"), a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I.   PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless."

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

*Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a

2

claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

Tuck argues that Defendant Lieutenant Protray Temple ("Temple"), a Shift Commander at the Southside Regional Jail, subjected him to verbal harassment. Tuck filed a grievance against Temple's staff at some point before October 15, 2014. (Compl. 4.)[2] On the morning of October 15, Temple "start[ed] ranting" about Tuck getting ready for work. (*Id.*) After the two exchanged words, Temple "started screaming" at Tuck and informed him that he could "keep [his] 'white trash' self right [t]here." (*Id.* at 4–5.) Tuck "laughed . . . because this . . . was a clear and blatant retaliation for the grievance

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization in quotations from the Complaint.

[he] filed the week before." (*Id.* at 5.) A few minutes later, Tuck went to the control booth to get a razor. (*Id.*) Defendant Temple was in the control booth and Tuck overheard her calling him "white trash" for a second time. (*Id.*) Tuck "lost [his] temper and told her 'I wish you would just shut your mouth you fat pig!'" (*Id.*) Tuck claims that he was moved to the medium security pod and received a "totally fabricated charge" due to the incident. (*Id.* at 5–6.) Tuck contends that Temple fabricated that Tuck said to her "F--k you, you fat black b---h." (*Id.* at 6.) Tuck claims that because of her fabricated statement, officers have treated him more harshly, inmates have threatened and verbally harassed him, it has "ruined [his] reputation in this jail and has left [him] labeled a 'racist white supremacist.'" (*Id.* at 6–7.) Tuck demands $15,000 in damages. (*Id.* at 8.)

### III. ANALYSIS

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Generously construing Tuck's Complaint, he alleges that Temple retaliated against him for filing a grievance against her staff by verbally harassing him and filing a false disciplinary charge against him.

Claims of retaliation by inmates are generally treated with skepticism because "[e]very act of discipline by prison officials is by definition retaliatory in the sense that it responds to prisoner misconduct." *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (alteration in original) (quoting *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994)

4

(internal quotation marks omitted). "[P]laintiffs who claim their constitutional rights have been violated by official retaliation must present more than naked allegations of reprisal . . . ." *Adams*, 40 F.3d at 74. Instead, a plaintiff must allege facts that "either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Id.* at 75. First, because "there is no constitutional right to participate in grievance proceedings," Tuck's act of pursuing grievances about prison staff was not the exercise of a constitutional right. *Id.* (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)).

Tuck also fails to allege that the retaliatory acts—verbal abuse and the filing of a purportedly false institutional charge which resulted in a transfer to a higher security pod—violated his constitutional rights. *Cochran*, 73 F.3d at 1317. "A claim of retaliation that fails to implicate any constitutional right lacks even an arguable basis in law . . . ." *Adams*, 40 F.3d at 75 (citation omitted) (internal quotation marks omitted). Contrary to Tuck's assertions, verbal harassment or idle threats to an inmate, even if the threats cause an inmate fear or emotional anxiety, do not constitute a constitutional violation. *See Moody v. Grove*, No. 89-6650, 1989 WL 107004, at *1 (4th Cir. Sept. 19, 1989) (unpublished) (per curiam) ("Verbal abuse alone does not violate a constitutional right.").

To the extent that Tuck claims that Defendant Temple falsified Tuck's exact statements to her, resulting in an institutional charge and transfer to a higher security pod, inmates have "no general constitutional right to be free from being falsely accused in a misbehavior report." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (citing

5

*Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)). Tuck again fails to allege facts indicating that the alleged retaliatory act "was taken in response to the exercise of a constitutionally protected right or that the act itself violated such right." *Adams*, 40 F.3d at 75. Tuck "admits that what [he] truly said in our verbal altercation was disrespectful." (Compl. 7.) Tuck clearly possesses no constitutional right to engage in verbal altercations with, or to be disrespectful to, prison officials.[3]

Because Tuck fails to state a claim of constitutional dimension, the action will be dismissed. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Oct 6, 2015
Richmond, Virginia

---

[3] To the extent that Tuck claims that Temple's false report of what Tuck said to her damaged his reputation, he again fails to implicate a constitutionally protected interest. *See Siegert v. Giley*, 500 U.S. 226, 233 (1991) (citing *Paul v. Davis*, 424 U.S. 693, 708–09 (1976)) (explaining that "injury to reputation by itself [is] not a 'liberty' interest protected by the Fourteenth Amendment").

6